FILED
U.S. Bankruptcy Court
Western District of NC

MAR 3 1 2025

Christine F. Winchester, Clerk
Charlotte Division

**UNITED STATES BANKRUPTCY COURT**
**Western District of North Carolina**

IN RE: JAMIE LOUISE CLOER ESTATE

CASE NO.: 25-50041
CHAPTER 13

# MOTION TO STRIKE FORECLOSURE ENFORCEMENT, COMPEL STANDING PROOF, AND BAR CLAIMS BASED ON DEFUNCT INSTRUMENT AND TRUST

COMES NOW, Cloer: Jamie-Louise, appearing in my lawful capacity as the Authorized Representative and true party in interest for the JAMIE LOUISE CLOER ESTATE, and respectfully moves this Honorable Court for the following relief:

## I. PRELIMINARY FACTUAL BACKGROUND

The movant is the lawful party in interest regarding the equitable interest in the domicile located at 315 Legion Rd, Hudson, NC 28638 (hereinafter "the Domicile"). This motion is made in light of multiple material irregularities, servicer conflicts, and fraudulent representations that impair the integrity of the foreclosure process and any potential claim made in this Chapter 13 proceeding.

## II. FORECLOSURE BASED ON OBSOLETE INSTRUMENT

1. The alleged foreclosure judgment obtained against the Domicile was based on a promissory note dated July 26, 2007, originated by Wilmington Finance.

#03252025

1 of 41

2. This note was legally modified by a binding agreement executed on May 21, 2009, with MorEquity, Inc., which adjusted the principal balance to $144,541.51, interest rate to 6.75%, and monthly payment to $955.78, effective June 1, 2009.

3. Despite this modification, Nationstar Mortgage LLC d/b/a Mr. Cooper pursued foreclosure using the original 2007 note, constituting enforcement of a superseded and void instrument.

4. This action represents a material misrepresentation and fraudulent concealment of the operative instrument, which is legally enforceable only under the 2009 terms.

5. Respondents themselves submitted the 2009 Modification Agreement into the electronic court record during prior proceedings, confirming their knowledge of its existence while simultaneously proceeding to enforce the obsolete 2007 instrument.

6. Movant recently reviewed the court filings and documentation and discovered that both the 2009 modification and 2007 note were submitted as exhibits by the Respondents. This constitutes newly realized information to the movant, further confirming that the foreclosure judgment was improperly obtained using a void instrument and without proper standing.

## III. ENFORCEMENT UNDER DEFUNCT TRUST

7. The entity claiming authority over the 2007 note was U.S. Bank National Association as Trustee for the CIM 2018-R5 Trust.

8. SEC records confirm that CIM 2018-R5 was called and terminated in July 2021. Thus, any assignment of instruments into that trust post-termination is ultra vires and void ab initio.

#03252025

2 of 41

9. Foreclosure activity relying on this defunct trust was executed in state court on April 4, 2024, as reflected in a judgment issued by the Clerk of Superior Court in Caldwell County. This foreclosure judgment was based entirely on a trust and instrument that were no longer valid.

10. The movant was unaware at the time that the trust and instrument were both legally void. Upon discovering this misrepresentation and comparing filings in both state and federal jurisdictions, movant now brings forth this newly discovered evidence.

## IV. SERVICER CONFLICTS AND DOUBLE REPRESENTATION

11. Beginning in 2023, Rushmore Loan Management began sending monthly statements and attempting to collect on the same alleged debt previously enforced by Nationstar.

12. At the time Rushmore initiated collection activity (October 2023), the movant was actively litigating foreclosure with Nationstar/Mr. Cooper, creating a duplicative servicing conflict.

13. No party has disclosed the full chain of transfers or assignments, and no valid Holder in Due Course has been identified.

14. The enforcement of claims by multiple servicers constitutes a violation of RESPA (12 U.S.C. § 2605), FDCPA (15 U.S.C. § 1692e), and creates a cloud over the bankruptcy estate.

## V. TRUST SUBSTITUTION AND POST-ENFORCEMENT TRANSFER

15. While the state foreclosure was executed under CIM 2018-R5, the Respondents now appear in this Chapter 13 proceeding under the 2023-NR1 Trust.

16. This represents a post hoc substitution of legal theory, rendering their standing defective.

#03252025

3 of 41

17. A foreclosure judgment based on one trust cannot be preserved or enforced through a different trust unless legal continuity is documented and proven — which has not occurred.

18. Movant asserts that the post-judgment appearance under a different REMIC constitutes constructive fraud, and seeks estoppel from further claims based on the void foreclosure.

## VI. NEWLY DISCOVERED EVIDENCE AND MATERIAL MISREPRESENTATION

19. Attached hereto as Exhibit E is the rubber-stamped foreclosure judgment from state court dated April 4, 2024, enforcing the 2007 note and identifying CIM 2018-R5 as the operative trust.

20. Attached hereto as Exhibit F is the Substitute Trustee's Notice of Sale relying on the same defunct instrument and trust.

21. Attached hereto as Exhibit H is the Respondents' March 2025 Motion in this Court asserting a claim under the 2023-NR1 Trust and acknowledging the terms of the 2009 loan modification.

22. The use of separate trusts and conflicting instruments across jurisdictions represents an intentional concealment and constitutes fraud upon the court.

23. This Court has the authority to strike the foreclosure, bar all related claims, and restore equitable status to the Movant based on these newly revealed facts.

## VII. RELIEF REQUESTED

**WHEREFORE**, Petitioner respectfully moves this Court to:

1. Strike or vacate any foreclosure judgment or enforcement authority arising from the use of the 2007 note and CIM 2018-R5 Trust;

2. Compel Respondents to produce the original wet-ink 2009 modified note, valid endorsements, and full chain of title;

#03252025

3. Enforce a stay on all collection, foreclosure, or claim activities until lawful standing is proven;

4. Bar any proof of claim submitted under an invalid instrument or trust;

5. Classify the servicers as unsecured due to lack of perfected claim;

6. Apply judicial estoppel against Respondents for materially altering legal theories across jurisdictions and proceedings;

7. Permanently bar any reassertion of claims based on the 2007 note or CIM 2018-R5 trust with prejudice;

8. Consider awarding appropriate sanctions, legal costs, or restitution in favor of Petitioner due to willful misrepresentation and abuse of judicial process;

9. Schedule an evidentiary hearing and grant Petitioner authority to issue subpoenas under FRBP 9016 for production of all related trust documents, servicing records, assignments, and chain of custody.

Movant asserts this motion in honor, in clean hands, and good faith, and demands equity intervene where law has failed.

**Expressed Date: March 25, 2025**

All Rights Reserved

Respectfully submitted in Good Faith,

By: _____

Cloer: Jamie-Louise
Authorized Representative / True Party in Interest
for the JAMIE LOUISE CLOER ESTATE
c/o Post Office Box 1216
Hudson, North Carolina, 28638

#03252025

5 of 41

# EXHIBIT A

### *2007 Promissory Note*

Executed by: Jamie Cloer Kirby

Originated by: Wilmington Finance

Used by Respondents in Foreclosure Despite Modification

Material Issue: This note was legally superseded by the 2009 loan mod but was improperly enforced in state and bankruptcy court.

# ALLONGE TO NOTE

Allonge to note dated:        7/26/2007

In Favor of :                 Wilmington Finance, Inc.

And executed by:              **JAMIE CLOER KIRBY**

Property Address:             315 LEGION RD
                              HUDSON, NC 28638-,

Loan Amount:                  $ 144,900.00

Pay to the order of :

                              MorEquity , Inc.

without recourse:             Wilmington Finance, Inc.


By:                           _____
                              Odra Hidalgo
Title:                        Designated Signer

Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is given in accordance with Section 15 within which Borrower must pay all sums secured by this Security Instrument. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by this Security Instrument without further notice or demand on Borrower.

WITNESS THE HAND(S) AND SEAL(S) OF THE UNDERSIGNED.

*[signature]* 7-26-07

- BORROWER - JAMIE GLOER KIRBY - DATE -

*[Sign Original Only]*

MULTISTATE ADJUSTABLE RATE NOTE - LIBOR INDEX -Single Family- Freddie Mae UNIFORM INSTRUMENT
9886.16                                    Page 4 of 4                              Form 3590 1/01

8 of 41

## ADJUSTABLE RATE NOTE
### (LIBOR Index - Rate Caps)

KIRBY
Loan #
MIN

**THIS NOTE CONTAINS PROVISIONS ALLOWING FOR CHANGES IN MY INTEREST RATE AND MY MONTHLY PAYMENT. THIS NOTE LIMITS THE AMOUNT MY INTEREST RATE CAN CHANGE AT ANY ONE TIME AND THE MAXIMUM RATE I MUST PAY.**

| JULY 26, 2007 | MOORESVILLE | NORTH CAROLINA |
|---|---|---|
| [Date] | [City] | [State] |

315 LEGION RD, HUDSON, NC 28638
[Property Address]

**1. BORROWER'S PROMISE TO PAY**

In return for a loan that I have received, I promise to pay U.S. $144,900.00 (this amount is called "Principal"), plus interest, to the order of the Lender. The Lender is WILMINGTON FINANCE, INC.. I will make all payments under this Note in the form of cash, check or money order.

I understand that the Lender may transfer this Note. The Lender or anyone who takes this Note by transfer and who is entitled to receive payments under this Note is called the "Note Holder."

**2. INTEREST**

Interest will be charged on unpaid principal until the full amount of Principal has been paid. I will pay interest at a yearly rate of 9.750%. The interest rate I will pay may change in accordance with Section 4 of this Note. The interest rate required by this Section 2 and Section 4 of this Note is the rate I will pay both before and after any default described in Section 7(B) of this Note.

**3. PAYMENTS**

**(A) Time and Place of Payments**

I will pay principal and interest by making a payment every month.

I will make my monthly payments on the first day of each month beginning on SEPTEMBER 1, 2007. I will make these payments every month until I have paid all of the principal and interest and any other charges described below that I may owe under this Note. Each monthly payment will be applied as of its scheduled due date and will be applied to interest before Principal. If, on AUGUST 1, 2037, I still owe amounts under this Note, I will pay those amounts in full on that date, which is called the "Maturity Date."

I will make my monthly payments at PO BOX 209, PLYMOUTH MEETING, PA 19462 or at a different place if required by the Note Holder.

**(B) Amount of My Initial Monthly Payments**

Each of my initial monthly payments will be in the amount of U.S. $1,244.91. This amount may change.

**(C) Monthly Payment Changes**

Changes in my monthly payment will reflect changes in the unpaid principal of my loan and in the interest rate that I must pay. The Note Holder will determine my new interest rate and the changed amount of my monthly payment in accordance with Section 4 of this Note.

**4. INTEREST RATE AND MONTHLY PAYMENT CHANGES**

**(A) Change Dates**

The interest rate I will pay may change on the first day of AUGUST, 2010, and on that day every sixth month thereafter. Each date on which my interest rate could change is called a "Change Date."

**(B) The Index**

Beginning with the first Change Date, my interest rate will be based on an Index. The "Index" is the average of interbank offered rates for six-month U.S. dollar-denominated deposits in the London market ("LIBOR"), as published in *The Wall Street Journal*. The most recent Index figure available as of the first business day of the month immediately preceding the month in which the Change Date occurs is called the "Current Index."

If the Index is no longer available, the Note Holder will choose a new index that is based upon comparable

MULTISTATE ADJUSTABLE RATE NOTE - LIBOR INDEX -Single Family- Freddie Mac UNIFORM INSTRUMENT

9886.16    Page 1 of 4    Form 3590 1/01

9 of 41

WITNESS THE HAND AND SEAL OF THE
UNDERSIGNED

*Jamie Cloer Kirby* (seal)

Name: Jamie Cloer Kirby

*May 27, 2009*

Date

*Judy R. Henline* 5-27-09

Witness                              Date

BEFORE ME, the undersigned authority, on this day personally appeared Jamie Cloer Kirby known to me to be the person(s) whose name(s) subscribed to the foregoing instrument and acknowledged to me that the above and foregoing instrument was executed for the purposes and consideration therein expressed.
GIVEN UNDER MY HAND and SEAL OF OFFICE, this the _____ day of _May 2009_.

*Jennifer R Davis* (seal)

Notary Public

My Commission Expires: _7/23/13_

(seal stamp: JENNIFER R DAVIS / NOTARY PUBLIC / CALDWELL COUNTY NC / EXPIRES: 7/23/13)

10 of 41

which the notice is mailed to me or delivered by other means.

**(D) No Waiver By Note Holder**

Even if, at a time I am in default, the Note Holder does not require me to pay immediately in full as described above, the Note Holder will still have the right to do so if I am in default at a later time.

**(E) Payment of Note Holder's Costs and Expenses**

If the Note Holder has required me to pay in full as described above, the Note Holder will have the right to be paid back by me for all of its costs and expenses in enforcing this Note to the extent not prohibited by applicable law. Those expenses include, for example, reasonable attorneys' fees.

**8. GIVING OF NOTICES**

Unless applicable law requires a different method, any notice that must be given to me under this Note will be given by delivering it or by mailing it by first class mail to me at the Property Address above or at a different address if I give the Note Holder a notice of my different address.

Any notice that must be given to the Note Holder under this Note will be given by delivering it or by mailing it by first class mail to the Note Holder at the address stated in Section 3(A) above or at a different address if I am given a notice of that different address.

**9. OBLIGATIONS OF PERSONS UNDER THIS NOTE**

If more than one person signs this Note, each person is fully and personally obligated to keep all of the promises made in this Note, including the promise to pay the full amount owed. Any person who is a guarantor, surety or endorser of this Note is also obligated to do these things. Any person who takes over these obligations, including the obligations of a guarantor, surety or endorser of this Note, is also obligated to keep all of the promises made in this Note. The Note Holder may enforce its rights under this Note against each person individually or against all of us together. This means that any one of us may be required to pay all of the amounts owed under this Note.

**10. WAIVERS**

I and any other person who has obligations under this Note waive the rights of Presentment and Notice of Dishonor. "Presentment" means the right to require the Note Holder to demand payment of amounts due. "Notice of Dishonor" means the right to require the Note Holder to give notice to other persons that amounts due have not been paid.

**11. UNIFORM SECURED NOTE**

This Note is a uniform instrument with limited variations in some jurisdictions. In addition to the protections given to the Note Holder under this Note, a Mortgage, Deed of Trust, or Security Deed (the "Security Instrument"), dated the same date as this Note, protects the Note Holder from possible losses which might result if I do not keep the promises that I make in this Note. That Security Instrument describes how and under what conditions I may be required to make immediate payment in full of all amounts I owe under this Note. Some of those conditions are described as follows:

Transfer of the Property or a Beneficial Interest in Borrower. If all or any part of the Property or any Interest in the Property is sold or transferred (or if Borrower is not a natural person and a beneficial interest in Borrower is sold or transferred) without Lender's prior written consent, Lender may require immediate payment in full of all sums secured by this Security Instrument. However, this option shall not be exercised by Lender if such exercise is prohibited by Applicable Law. Lender also shall not exercise this option if: (a) Borrower causes to be submitted to Lender information required by Lender to evaluate the intended transferee as if a new loan were being made to the transferee; and (b) Lender reasonably determines that Lender's security will not be impaired by the loan assumption and that the risk of a breach of any covenant or agreement in this Security Instrument is acceptable to Lender.

To the extent permitted by Applicable Law, Lender may charge a reasonable fee as a condition to Lender's consent to the loan assumption. Lender may also require the transferee to sign an assumption agreement that is acceptable to Lender and that obligates the transferee to keep all the promises and agreements made in the Note and in this Security Instrument. Borrower will continue to be obligated under the Note and this Security Instrument unless Lender releases Borrower in writing.

If Lender exercises the option to require immediate payment in full, Lender shall give

11 of 41

information. The Note Holder will give me notice of this choice.

    (C) Calculation of Changes

Before each Change Date, the Note Holder will calculate my new interest rate by adding SIX AND THREE-FOURTHS percentage points (6.750%) to the Current Index. The Note Holder will then round the result of this addition to the nearest one-eighth of one percentage point (0.125%). Subject to the limits stated in Section 4(D) below, this rounded amount will be my new interest rate until the next Change Date.

The Note Holder will then determine the amount of the monthly payment that would be sufficient to repay the unpaid principal that I am expected to owe at the Change Date in full on the Maturity Date at my new interest rate in substantially equal payments. The result of this calculation will be the new amount of my monthly payment.

    (D) Limits on Interest Rate Changes

The interest rate I am required to pay at the first Change Date will not be greater than 12.750% or less than 9.750%. Thereafter, my interest rate will never be increased or decreased on any single Change Date by more than ONE percentage point (1.000%) from the rate of interest I have been paying for the preceding six months. My interest rate will never be greater than 15.750%, or less than 9.750%.

    (E) Effective Date of Changes

My new interest rate will become effective on each Change Date. I will pay the amount of my new monthly payment beginning on the first monthly payment date after the Change Date until the amount of my monthly payment changes again.

    (F) Notice of Changes

The Note Holder will deliver or mail to me a notice of any changes in my interest rate and the amount of my monthly payment before the effective date of any change. The notice will include information required by law to be given to me and also the title and telephone number of a person who will answer any question I may have regarding the notice.

## 5. BORROWER'S RIGHT TO PREPAY

I have the right to make payments of Principal at any time before they are due. A payment of Principal only is known as a "Prepayment." When I make a Prepayment, I will tell the Note Holder in writing that I am doing so. I may not designate a payment as a Prepayment if I have not made all the monthly payments due under the Note.

I may make a full Prepayment or partial Prepayments without paying any Prepayment charge. The Note Holder will use my Prepayments to reduce the amount of Principal that I owe under this Note. However, the Note Holder may apply my Prepayment to the accrued and unpaid interest on the Prepayment amount before applying my Prepayment to reduce the Principal amount of the Note. If I make a partial Prepayment, there will be no changes in the due dates of my monthly payments unless the Note Holder agrees in writing to those changes. My partial Prepayment may reduce the amount of my monthly payments after the first Change Date following my partial Prepayment. However, any reduction due to my partial Prepayment may be offset by an interest rate increase.

## 6. LOAN CHARGES

If a law, which applies to this loan and which sets maximum loan charges, is finally interpreted so that the interest or other loan charges collected or to be collected in connection with this loan exceed the permitted limits, then: (a) any such loan charge shall be reduced by the amount necessary to reduce the charge to the permitted limit; and (b) any sums already collected from me which exceeded permitted limits will be refunded to me. The Note Holder may choose to make this refund by reducing the Principal I owe under this Note or by making a direct payment to me. If a refund reduces Principal, the reduction will be treated as a partial Prepayment.

## 7. BORROWER'S FAILURE TO PAY AS REQUIRED

    (A) Late Charges for Overdue Payments

If the Note Holder has not received the full amount of any monthly payment by the end of 15 calendar days after the date it is due, I will pay a late charge to the Note Holder. The amount of the charge will be 4.000% of my overdue payment of principal and interest. I will pay this late charge promptly but only once on each late payment.

    (B) Default

If I do not pay the full amount of each monthly payment on the date it is due, I will be in default.

    (C) Notice of Default

If I am in default, the Note Holder may send me a written notice telling me that if I do not pay the overdue amount by a certain date, the Note Holder may require me to pay immediately the full amount of Principal which has not been paid and all the interest that I owe on that amount. That date must be at least 30 days after the date on

## ADJUSTABLE RATE RIDER
### (LIBOR Index-Rate Caps)

Loan #
MIN

THIS ADJUSTABLE RATE RIDER is made this 26TH day of JULY, 2007, and is incorporated into and shall be deemed to amend and supplement the Mortgage, Deed of Trust, or Deed to Secure Debt (the "Security Instrument") of the same date given by the undersigned (the "Borrower") to secure the Borrower's Note to WILMINGTON FINANCE INC. (the "Lender") of the same date and covering the property described in the Security Instrument and located at:
315 LEGION RD, HUDSON, NC 28638
[Property Address]

**THE NOTE CONTAINS PROVISIONS ALLOWING FOR CHANGES IN THE INTEREST RATE AND THE MONTHLY PAYMENT. THE NOTE LIMITS THE AMOUNT THE BORROWER'S INTEREST RATE CAN CHANGE AT ANY ONE TIME AND THE MAXIMUM RATE THE BORROWER MUST PAY.**

**ADDITIONAL COVENANTS.** In addition to the covenants and agreements made in the Security Instrument, Borrower and Lender further covenant and agree as follows:

**A. INTEREST RATE AND MONTHLY PAYMENT CHANGES**
The Note provides for an initial interest rate of 9.750%. The Note provides for changes in the interest rate and the monthly payments, as follows:

**4. INTEREST RATE AND MONTHLY PAYMENT CHANGES**
**(A) Change Dates**
The interest rate I will pay may change on the first day of AUGUST, 2010 and on that day every sixth month thereafter. Each date on which my interest rate could change is called a "Change Date."

**(B) The Index**
Beginning with the first Change Date, my interest rate will be based on an Index. The "Index" is the average of interbank offered rates for six-month U.S. dollar-denominated deposits in the London market

WILMINGTON FINANCE, INC. - MODIFIED
MULTISTATE ADJUSTABLE RATE RIDER (LIBOR Index) - Single Family - Freddie Mac UNIFORM INSTRUMENT
    9567.9                          Page 1 of 3                           Form 31921/01

## EXHIBIT A

BEGINNING on a ¾ inch iron pin marking the southeast corner
of Jaime R. Ippolito (DB 1282, P 261) in the western line
of James N. Hicks (DB 1085, P 254) and runs thence with
Hicks' western line (the same also being the eastern line
of a twenty foot right of way, South 04 degrees 00 minutes
00 seconds West 396.99 feet to a 1 inch angle iron, a
corner of Ned M. Cloer (DB 463, P 294); thence with Ned M.
Cloer's northern line, South 89 degrees 07 minutes 56
seconds West 257.03 feet to a ¾ inch iron pin, thence North
03 degrees 24 minutes 32 seconds East 79.80 feet to a ½
inch iron pin on the southern line of Ernest Clark (DB 197,
P 19); thence with Clark's southern line North 87 degrees
02 minutes 39 seconds East 76.37 feet to a ½ inch iron pin;
thence North 07 degrees 08 minutes 01 second West 152.30
feet to a ½ inch Angle iron, a corner of Barbara K. Baker
(DB 1080, P 1233); thence with Baker's southern line, North
64 degrees 07 minutes 31 seconds East 158.12 feet to a 5/8
inch rebar; the southwest corner of Ippolito; thence with
Ippolito's southern line North 39 degrees 52 minutes 05
seconds East 125.32 feet to the POINT AND PLACE OF
BEGINNING, containing 1.47 acres or 63,877.19 square feet
and computed by coordinate geometry.

The foregoing description is taken from a plat prepared by
Donald G. Bolick bearing date of 10/11/04.

There is also conveyed herewith a non-exclusive right of
way leading to Legion Road (SR 1156) described as follows:
BEGINNING on a point in the center of SR 1156, the
northeast corner of Jaime Ippolito (DB 1282, P 261 and runs
thence from said Beginning Point South 04 degrees 00
minutes 00 seconds West 334.39 feet to an iron pin, the
northeast corner of the above described tract; thence South
39 degrees 52 minutes 05 seconds West 38.65 feet to an iron
pin; thence North 03 degrees 37 minutes 06 seconds East
353.51 feet to a point in the center of SR 1156; thence
North 67 degrees 59 minutes 00 seconds East 27.82 feet to
the Point and Place of BEGINNING.

This conveyance is made subject to a right of way along its
entire eastern line which extends 20 feet inside the said
eastern line.

Property Address:   315 Legion Road, Hudson, NC  28638
Parcel I.D.: ██████████

("LIBOR"), as published in *The Wall Street Journal*. The most recent Index figure available as of the first business day of the month immediately preceding the month in which the Change Date occurs is called the "Current Index."

If the Index is no longer available, the Note Holder will choose a new index that is based upon comparable information. The Note Holder will give me notice of this choice.

### (C) Calculation of Changes

Before each Change Date, the Note Holder will calculate my new interest rate by adding SIX AND THREE-FOURTHS percentage points (6.750%) to the Current Index. The Note Holder will then round the result of this addition to the nearest one-eighth of one percentage point (0.125%). Subject to the limits stated in Section 4(D) below, this rounded amount will be my new interest rate until the next Change Date.

The Note Holder will then determine the amount of the monthly payment that would be sufficient to repay the unpaid principal that I am expected to owe at the Change Date in full on the maturity date at my new interest rate in substantially equal payments. The result of this calculation will be the new amount of my monthly payment.

### (D) Limits on Interest Rate Changes

The interest rate I am required to pay at the first Change Date will not be greater than 12.750% or less than 9.750%. Thereafter, my interest rate will never be increased or decreased on any single Change Date by more than ONE percentage point (1.000%) from the rate of interest I have been paying for the preceding six months. My interest rate will never be greater than 15.750%, or less than 9.750%.

### (E) Effective Date of Changes

My new interest rate will become effective on each Change Date. I will pay the amount of my new monthly payment beginning on the first monthly payment date after the Change Date until the amount of my monthly payment changes again.

### (F) Notice of Changes

The Note Holder will deliver or mail to me a notice of any changes in my interest rate and the amount of my monthly payment before the effective date of any change. The notice will include information required by law to be given to me and also the title and telephone number of a person who will answer any question I may have regarding the notice.

## B. TRANSFER OF THE PROPERTY OR A BENEFICIAL INTEREST IN BORROWER

Uniform Covenant 18 of the Security Instrument is amended to read as follows:

**Transfer of the Property or a Beneficial Interest in Borrower.** As used in this Section 18, "Interest in the Property" means any legal or beneficial interest in the Property, including, but not limited to, those beneficial interests transferred in a bond for deed, contract for deed, installment sales contract or escrow agreement, the intent of which is the transfer of title by Borrower at a future date to a purchaser.

If all or any part of the Property or any Interest in the Property is sold or transferred (or if a Borrower is not a natural person and a beneficial interest in Borrower is sold or transferred) without Lender's prior written consent, Lender may require immediate payment in full of all sums secured by this Security Instrument. However, this option shall not be exercised by Lender if such exercise is prohibited by Applicable Law. Lender also shall not exercise this option if: (a) Borrower causes to be submitted to Lender information required by Lender to evaluate the intended transferee as if a new loan were being made to the transferee; and (b) Lender reasonably determines that Lender's security will not be impaired by the loan assumption and that the risk of a breach of any covenant or agreement in this Security Instrument is acceptable to Lender.

WILMINGTON FINANCE, INC. - MODIFIED
MULTISTATE ADJUSTABLE RATE RIDER (LIBOR Index) - Single Family - Freddie Mac UNIFORM INSTRUMENT
⬡   9567.9                           Page 2 of 3                           Form 3192 1/01

*15 of 41*

To the extent permitted by Applicable Law, Lender may charge a reasonable fee as a condition to Lender's consent to the loan assumption. Lender may also require the transferee to sign an assumption agreement that is acceptable to Lender and that obligates the transferee to keep all the promises and agreements made in the Note and in this Security Instrument. Borrower will continue to be obligated under the Note and this Security Instrument unless Lender releases Borrower in writing.

If Lender exercises the option to require immediate payment in full, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is given in accordance with Section 15 within which Borrower must pay all sums secured by this Security Instrument. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by this Security Instrument without further notice or demand on Borrower.

BY SIGNING BELOW, Borrower accepts and agrees to the terms and covenants contained in this Adjustable Rate Rider.

- BORROWER - JAMIE CLOER KIRBY - DATE -

WILMINGTON FINANCE, INC. - MODIFIED
MULTISTATE ADJUSTABLE RATE RIDER (LIBOR Index) - Single Family - Freddie Mac UNIFORM INSTRUMENT
⊜   9567.9                         Page 3 of 3                         Form 3192I/01

16 of 41

## EXHIBIT B

### *2009 Loan Modification Agreement*

Executed with: MorEquity, Inc.

Binding Terms: $144,541.51 principal, 6.75% interest, $955.78/month

Effective Date: June 1, 2009

Material Issue: This instrument replaced the 2007 note. Opposing counsel introduced it into evidence, confirming its validity.

D04
WHEN RECORDED MAIL TO:
MorEquity, Inc.
7116 Eagle Crest Blvd.
Evansville, Indiana 47715
Prepared By: Brooke A Howell
MorEquity Loan Number: ██████

LOAN MODIFICATION AGREEMENT

THE LOAN MODIFICATION AGREEMENT ("MODIFICATION"), made this 21st day of May 2009, between Jamie Cloer Kirby ("Borrower(s)") and MorEquity, Inc. ("Lender"), amends and supplements the Note made by the Borrower(s), dated July 26, 2007 recorded on July 31, 2007 in Document No. ██████ Book or Liber 1649 at page(s) 1181 of the records of Caldwell County/Parish, State of NC and (2) the Note bearing the date as and secured by the Deed of Trust, The Security Instrument, which covers the real and personal property described in the Mortgage and defined therein as the property located at:

315  LEGION RD HUDSON, NC 28638
(property address)

In consideration of the mutual promises and agreements exchanged, the parties hereto agree as follows (notwithstanding anything to the contrary contained in the Note or Deed of Trust):

1. As of  June 1, 2009 the amount payable under the Note and Deed of Trust ("Unpaid Principal Balance") is U.S. $144,641.51, consisting of the amount(s) loaned to the Borrower by the Lender and any interest capitalized to date.

2. The Borrower promises to pay the Unpaid Principal Balance plus interest to the order of the Lender.  The interest rate will be fixed at 6.75% ("Yearly Rate") and interest will be charged on the Unpaid Principal Balance at the Yearly Rate.  The Borrower promises to make monthly payments of principal and interest of U.S. $955.78 beginning on 6/1/2009 and continuing thereafter on the same day of each succeeding month until principal and interest are paid in full.  If on 8/1/2037 ("Maturity Date") the borrower still owes amounts under the Note, as amended by this modification and secured by the Deed of Trust, the Borrower will pay the amounts in full on the Maturity Date.

3. If all or any part of the Property or any interest is sold or transferred (or if a beneficial interest in the Borrower is sold or transferred and the borrower is not a natural person) without the Lenders prior written consent, the Lender may require immediate payment in full of all sums secured by the Deed of Trust.  If the Lender exercises this option, the Lender shall give the Borrower notice of acceleration.  The notice shall provide a period of not less than thirty [30] days from the date the notice is delivered and mailed within which the Borrower(s) must pay all sums secured by the Deed of Trust.  If the Borrower fails to pay these sums prior to the expiration of this period, the Lender may invoke any remedies permitted by the Deed of Trust.

18 of 41

4. The Borrower also will comply with all other covenants, agreements, and requirements of the Note and Deed of Trust, including without limitation, the Borrower's covenants and agreements to make all payments of taxes, insurance premiums, assessments, escrow items, impounds and all other payments that the Borrower(s) is (are) obligated to make under the Note and Deed of Trust; however, the following terms and provisions are forever cancelled, null and void as of the date specified in paragraph No. 1 above:

(a)    All terms and provisions of the Note and Deed of Trust providing for the implementation of a change or adjustment in the rate of interest payable under the Note; and

(b)    All terms and provisions of any Adjustable Rate Rider or other instrument or document that is affixed to, wholly or partially incorporated into or is part of the Note or Deed of Trust and contains any such terms and provisions as those referred to in  (a) above.

5. Nothing in the Modification shall be understood or construed to be a satisfaction or release in whole or in part of either the Note or Deed of Trust.  Except as otherwise provided in this Modification, the Note and Deed of Trust will remain unchanged and the Borrower and Lender will be bound by and comply with all the terms and provisions thereof, as amended by this Modification.

*[Remainder of page intentionally blank - signature page follows]*

19 of 41

## EXHIBIT C

### *Fraudulent Assignment of Deed of Trust*

County Recorded: Caldwell County Registered of Deeds Office, Lenoir, NC

Dated: August 08, 2022

Executed: Approximately 12 years After the alleged closing date of the REMIC trust

Includes: Signature of known or suspected robo-signer

Material Issue Assignment is void due to retroactive fabrication, improper authority, and fraudulent execution used to re-establish standing that did not exist at time of enforcement.

This document presented and filed:
08/02/2022 04:10:12 PM



Caldwell County North Carolina
Wayne L. Rash, Register of Deeds

~~When Recorded Return To:~~ DOCUMENT ADMINISTRATION, NATIONSTAR MORTGAGE DBA MR. COOPER
8950 CYPRESS WATERS BLVD, COPPELL, TX 75019

Prepared By: Douglas Keaton, NATIONSTAR MORTGAGE DBA MR. COOPER 8950 CYPRESS WATERS BLVD,
COPPELL, TX 75019 1-888-480-2432

~~Return to: Rae Bodony/ LRS~~
5455 Detroit Rd, STE B  √√
Sheffield Village, Ohio 44054

Caldwell, North Carolina                    **CORPORATE ASSIGNMENT OF DEED OF TRUST**
SELLER'S SERVICING #:*****

MIN #                    SIS #: 1-888-679-6377

Date of Assignment: July 20th, 2022
Assignor: MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., AS BENEFICIARY, AS NOMINEE FOR
WILMINGTON FINANCE, INC., ITS SUCCESSORS AND ASSIGNS at P.O. BOX 2026, FLINT, MI 48501-2026
Assignee: U.S. BANK NATIONAL ASSOCIATION, NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS TRUSTEE
FOR THE CIM TRUST 2018-R5 MORTGAGE-BACKED NOTES, SERIES 2018-R5. at 425 WALNUT STREET,
CINCINNATI, OH 45202

Executed By: JAMIE CLORE KIRBY To: MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., AS
BENEFICIARY, AS NOMINEE FOR WILMINGTON FINANCE, INC., ITS SUCCESSORS AND ASSIGNS.
Date of Deed of Trust: 07/26/2007 Recorded: 07/31/2007 In Book/Reel/Liber: 1649 Page/Folio: 1181 In the
County of Caldwell, State of North Carolina.
Property Address: 315 LEGION RD, HUDSON, NC 28638
    KNOW ALL MEN BY THESE PRESENTS, that for good and valuable consideration, the receipt and sufficiency of
which is hereby acknowledged, the said Assignor hereby assigns unto the above-named Assignee, the said Deed of
Trust having an original principal sum of $144,900.00 with interest, secured thereby, and the full benefit of all the
powers and of all the covenants and provisos therein contained, and the said Assignor hereby grants and conveys
unto the said Assignee, the Assignor's interest under the Deed of Trust.

    TO HAVE AND TO HOLD the said Deed of Trust, and the said property unto the said Assignee forever, subject to
the terms contained in said Deed of Trust. IN WITNESS WHEREOF, the assignor has executed these presents the
day and year first above written:

    MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., AS BENEFICIARY, AS NOMINEE FOR
WILMINGTON FINANCE, INC., ITS SUCCESSORS AND ASSIGNS
On July 20th, 2022

By:
TSEDALE ALEMU, Vice President

STATE OF Texas
COUNTY OF Denton

On July 20th, 2022, before me, SYLVIA RAMIREZ, a Notary Public in and for Denton in the State of Texas,
personally appeared TSEDALE ALEMU, Vice President being by me duly sworn and duly executed of MORTGAGE
ELECTRONIC REGISTRATION SYSTEMS, INC., AS BENEFICIARY, AS NOMINEE FOR WILMINGTON FINANCE,
INC., ITS SUCCESSORS AND ASSIGNS, personally known to me to be the person(s) whose name(s) is/are
subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their
authorized capacity, and that by his/her/their signature on the instrument the person(s), or the entity upon behalf of
which the person(s) acted, executed the instrument and acknowledged the assignment of the above-referenced
Deed of Trust.

WITNESS my hand and official seal,

SYLVIA RAMIREZ
Notary Expires: 03/07/2023 #131921660

┌─────────────────────────┐
│    SYLVIA RAMIREZ        │
│ Notary Public, State of Texas │
│ Comm. Expires 03-07-2023 │
│ Notary ID 131921660      │
└─────────────────────────┘

(This area for notarial seal)

Recording Requested By: NATIONSTAR MORTGAGE DBA MR. COOPER

21of41

## EXHIBIT D

### *IRS Form 4506-A Filed for REMIC Trust Verification*

Filed By: Jamie Cloer, Trustee for JLC TRUST

Entity of Inquiry: CIM TRUST 2023-NR1 (and previously 2018-R5)

Material Issue: Seeks tax records to confirm or deny valid trust existence, status, and holder in due course status.

Form **4506-A**

(November 2021)

Department of the Treasury
Internal Revenue Service

## Request for a Copy of Exempt or Political Organization IRS Form

▶ **Type or print clearly. Request may be rejected if the form is incomplete or illegible.**
▶ **Information about Form 4506-A and its separate instructions is at** www.irs.gov/form4506ab.

OMB No. 1545-0495

**TIP**   **You may not have to complete Form 4506-A to get the copies you need.**

- The following returns can be found online: Form 8871 and Form 8872 at www.irs.gov/polorgs; Form 990, Form 990-EZ, Form 990-PF and Form 990-T at Tax Exempt Organization Search (TEOS) www.irs.gov/teos.
- **Public disclosure by the organization.** Exempt or political organizations must make their returns, reports, notices, and exempt applications available for public inspection. You can visit the organization to inspect the material instead of requesting it from the IRS. The organization may be able to provide copies to you.
- **Form 990-N** *(e-Postcard)* annual electronic notice is available for inspection at www.irs.gov/teos.
- **Machine Readable Data:** E-filed Forms 990, 990-EZ and 990-PF are available at www.irs.gov/teos (see instructions).

| 1 | Exempt or political organization. *Complete a separate Form 4506-A for each organization.* | |
|---|---|---|
| | Name<br>REMIC-Fannie Mae Pool MA4869/CUSIP 31418EMT4 | Employer identification number<br>Unknown |
| | Address<br>3900 Wisconsin Avenue NW | |
| | City or town, state or province, country, and ZIP or foreign postal code<br>Washington, DC 20016-2892 | |

| 2 | Requester. | |
|---|---|---|
| | Name<br>Jamie Cloer, Trustee for JLC TRUST | Contact person |
| | Address<br>c/o Post Office Box 1216 | Phone<br>828-896-5638 |
| | City or town, state or province, country, and ZIP or foreign postal code<br>Hudson, NC 28638 | Date<br>March 24, 2025 |

**3 Category of requester:**
**You must check a box.**
- ☐ Commercial user
- ☐ Educational institution
- ☐ Non-commercial scientific institution
- ☑ All others
- ☐ Media

Name of media outlet

**4 Reason for request.** All requesters, except commercial users, must provide an explanation of how the records will be used to avoid being charged the commercial rate. Attach additional sheets if necessary.

To obtain a copy of the REMIC trust tax return filings associated with the following mortgage-backed security: Issuer: Fannie Mae, Pool Number: MA-45869, CUSIP: 31418EMT4.

Tax Years Requested: 2022, 2023, 2024, Forms Requested: IRS Form 1066 and Schedule Q. This request is submitted pursuant to 26 USC § 6103 for fiduciary review

**Lines 5–8.** For each applicable form, check the box(es) for the item(s) you are requesting. You may request more than one form. For each form requested, complete either the paper or USB and enter the specific tax year(s), as indicated. If ordering a partial set in USB or Sample USB, indicate the state(s), and month(s) requested. If you check "other" you must indicate the specific form(s) you are requesting on the line provided. See instructions for more information.

**Note.** USB and Sample USB are not available for individual exempt organizations. Sample USB requests are not available for individual states.

| 5 | Form 990, Form 990-EZ: | | b | USB request: | ☐ Yearly | ☐ Sample |
|---|---|---|---|---|---|---|
| a | Paper request | | | State(s): _____ ; _____ ; _____ | | |
| | Tax year(s) or period(s) requested: _____ ; _____ ; _____<br>YYYYMM   YYYYMM   YYYYMM | | | Calendar year(s): _____ ; _____ ; _____ | | |

| 6 | Form 990-PF: | | b | USB request: | ☐ Yearly | ☐ Sample |
|---|---|---|---|---|---|---|
| a | Paper request | | | State(s): _____ ; _____ ; _____ | | |
| | Tax year(s) or period(s) requested: _____ ; _____ ; _____<br>YYYYMM   YYYYMM   YYYYMM | | | Calendar year(s): _____ ; _____ ; _____ | | |

| 7 | Form 990-T (501(c)(3) organizations filed after August 17, 2006): | | b | USB request: | ☐ Yearly | ☐ Sample |
|---|---|---|---|---|---|---|
| a | Paper request | | | State(s): _____ ; _____ ; _____ | | |
| | Tax year(s) or period(s) requested: _____ ; _____ ; _____<br>YYYYMM   YYYYMM   YYYYMM | | | Calendar year(s): _____ ; _____ ; _____ | | |

| 8 | Form 5227 (for tax years beginning after December 31, 2006): |
|---|---|
| a | Paper request |
| | Tax year(s) or period(s) requested: _____ ; _____ ; _____<br>YYYYMM   YYYYMM   YYYYMM |
| b | Other form(s) |
| | Tax year(s) or period(s) requested: 2022 ; 2023 ; 2024<br>YYYYMM   YYYYMM   YYYYMM |

23 of 41

---

**For Privacy Act and Paperwork Reduction Act Notice, see the separate instructions.**   Catalog Number 41722P   Form **4506-A** (Rev. 11-2021)

# EXHIBIT E

### *Foreclosure Judgment – State Court (April 2024)*

Filed By: U.S. Bank National as Trustee for CIM 2018-R5

Instrument Cited: 2007 Note

Material Issue: CIM 2018-R5 was called in July 2021; foreclosure judgment is ultra vires and void ab initio.

24 of 41

STATE OF NORTH CAROLINA

COUNTY OF CALDWELL

IN THE MATTER OF THE FORECLOSURE OF A DEED OF
TRUST EXECUTED BY JAMIE CLOER KIRBY DATED
JULY 26, 2007 AND RECORDED IN BOOK 1649 AT PAGE
1181 IN THE CALDWELL COUNTY PUBLIC REGISTRY,
NORTH CAROLINA

IN THE GENERAL COURT OF JUSTICE

SUPERIOR COURT DIVISION
2024 DEC 16 A 8 22
22-SP-225

CALDWELL CO., C.S.C.

BY

FILED
2024 APR 4 A 9:18

CALDWELL CO., C.S.C.

BY

**ORDER**

THIS MATTER, came to be heard before the undersigned Honorable _____*Asst*_____ Clerk of Superior Court of Caldwell County on April 4, 2024 at 9:00 AM. After having reviewed and examined the appropriate affidavits and documentation, the undersigned makes the following findings of fact:

**FINDINGS**

1.   U.S. Bank National Association, not in its capacity but solely as Trustee for the CIM Trust 2018-R5 Mortgage-Backed Notes, Series 2018-R5 is the holder of a Promissory Note dated July 26, 2007 in the original principal amount of $144,900.00 signed by Jamie Cloer Kirby which is secured by a Deed of Trust dated July 26, 2007 and recorded in Book 1649 at Page 1181 in the Caldwell County Public Registry.

2.   The Promissory Note evidences a valid debt, which is secured by the heretofore referenced Deed of Trust.

3.   The Promissory Note is in default.

4.   The Deed of Trust is enforceable according to the terms of the instrument and it provides U.S. Bank National Association, not in its capacity but solely as Trustee for the CIM Trust 2018-R5 Mortgage-Backed Notes, Series 2018-R5 the right to foreclose pursuant to the power of sale provision contained therein.

5.   Notice of this hearing has been properly served on the record owners of the real estate and properly served upon all other persons against whom U.S. Bank National Association, not in its capacity but solely as Trustee for the CIM Trust 2018-R5 Mortgage-Backed Notes, Series 2018-R5 intends to assert liability for the debt.

6.   The loan is a Home Loan as defined in N.C.G.S. § 45-101(1b), the pre-foreclosure notice required under N.C.G.S. § 45-102 was provided in accordance with the conditions contained therein, the loan was registered pursuant to the terms stated in N.C.G.S. § 45-103, and the periods of time established by Article 11 of Chapter 45 of the General Statues have elapsed.

7.   A foreclosure sale of the real property is not barred by the provisions of N.C.G.S. § 45-21.12A or § 127B-28.

8.   U.S. Bank National Association, not in its capacity but solely as Trustee for the CIM Trust 2018-R5 Mortgage-Backed Notes, Series 2018-R5 attempted to communicate with the debtor prior to the foreclosure pursuant to N.C.G.S. § 45-21.16C; however, all attempts to voluntarily resolve the default were either unsuccessful or no borrower currently occupies the property as a principal residence.

IT IS NOW THEREFORE ORDERED that Albertelli Law Partners North Carolina, P.A., is hereby authorized to proceed with the foreclosure of the above captioned Deed of Trust. In carrying out the foreclosure of the real property in question, the Substitute Trustee is permitted to take all actions required and necessary under Chapter 45 of the General Statutes of North Carolina and the terms and conditions of the above described Deed of trust to conduct a foreclosure sale of the property. These actions include but are not limited to, publishing the Notice of Sale, posting the Notice of Sale, and conducting said sale.

Dated: _____April 4, 2024_____

_____
Clerk of Superior Court

Exhibit E

25 of 41

## SUBSTITUTE TRUSTEE'S NOTICE OF FORECLOSURE SALE OF REAL PROPERTY

THIS ACTION BROUGHT PURSUANT TO THE POWER AND AUTHORITY contained within that certain Deed of Trust executed and delivered by Jamie Cloer Kirby dated July 26, 2007 and recorded on July 31, 2007 in Book 1648 at Page 1181 in the Office of Register of Deeds of Caldwell County, North Carolina. As a result of a default in the obligations contained within the Promissory Note and Deed of Trust and the failure to carry out and perform the stipulation and agreements contained therein, the holder of the indebtedness secured by said Deed of Trust made demand to have the default cured, which was not met. Therefore, the undersigned Substitute Trustee will place for sale that parcel of land, including improvements thereon, situated, lying and being in the City of Hudson, County of Caldwell, State of North Carolina, and being more particularly described in the heretofore referenced Deed of trust. Said sale will be a public auction to the highest bidder for cash, at the usual place of sale at the Caldwell County Courthouse, Lenoir, North Carolina, on May 8, 2024, at 1:00 PM.

Address of Property:    315 Legion Rd, Hudson, NC 28638
Tax Parcel ID:    03 5B 1 11
Present Record Owners:    Jamie Louise Cloer Living Trust

The terms of the sale are that the real property hereinbefore described will be sold for cash to the highest bidder. A deposit of five percent (5%) of the amount of the bid or Seven Hundred Fifty Dollars ($750.00), whichever is greater, is required and must be tendered in the form of certified funds at the time of the sale. The successful bidder will be required to pay revenue stamps on the Trustee's Deed, any Land Transfer Tax, and costs for recording the Trustee's Deed.

The real property hereinabove described is being offered for sale "AS IS, WHERE IS" and will be sold subject to all superior liens, unpaid taxes, special assessments and other encumbrances. Other conditions will be announced at the sale. The sale will be held open for ten (10) days for upset bids, as by law required. The sale will not confirm until there have been ten (10) consecutive days with no upset bids having been filed.

If for any reason the Trustee is unable to convey title to this property, or if the sale is set aside, the sole remedy of the purchaser is the return of the bid deposit. Furthermore, if the validity of the sale is challenged by any party, the Trustee in its sole discretion, if it believes the challenge to have merit, may declare the sale to be void and return the bid deposit. In either event, the purchaser will have no further recourse against the Mortgagor, the Mortgagee, the Mortgagee's attorney, or the Trustee.

Additional notice required for Residential Real Property with Less Than Fifteen (15) Rental Units:

An order for possession of the property may be issued pursuant to G.S. 45-21.29 in favor of the purchaser and against the party or parties in possession by the clerk of superior court of the county in which the property is sold.

Any person who occupies the property pursuant to a rental agreement entered into or renewed on or after October 1, 2007, may, after receiving the notice of sale, terminate the rental agreement by providing written notice of termination to the landlord, to be effective on a date stated in the notice that is at least ten (10 days, but no more than 90 day, after the sale date contained in the notice of sale, provided that the mortgagor has not cured the default at the time the tenant provides the notice of termination. Upon termination of a rental agreement, the tenant is liable for rent due under the rental agreement prorated to the effective date of the termination.

Posted: 4-4-24

Witness: BN
Assistant/Deputy clerk of Superior Court

Goddard & Peterson, PLLC Substitute Trustee

By: _____

Goddard & Peterson, PLLC
125-B Williamsboro Street
Oxford, NC 27565
T: 919-339-4320

22-SP-225/22-006849

Exhibit E

26 of 41

# EXHIBIT F

### *Notice of Foreclosure Sale*

Posted Date: April 4, 2024

Scheduled Sale: May 8, 2024

Material Issue: Continuation of enforcement under terminated trust and void instrument.

P.O. Box 23159
San Diego, CA 92193-3159



**IMPORTANT INFORMATION
ENCLOSED**

(11) 969 0024 8909 9892 9

**Mailed On:** 1/14/2025          **Order Number:** 0055233-01
**ClientID:** ALAW000821 FC    **Reference Number:**   22-006849

Jamie Cloer Kirby a/k/a Jamie Cloer a/k/a Jamie Louise Cloer
Individually and for the Jamie Louise Cloer Living Trust Estate
315 Legion Road
Hudson, NC 28638

  GenericAddressInsert.doc                                         Rev. 12/19/2018

28 of 41

# GODDARD & PETERSON, PLLC

ATTORNEYS AT LAW
125-B Williamsboro Street
Oxford, North Carolina 27565

Thomas R. Goddard
Andrew L. Peterson

Phone: (919) 339-4320
Fax: 1 (866) 879-4905

January 14, 2025

Caldwell County Courthouse
Caldwell County Clerk of Superior Court
216 Main St. NW
Lenoir, NC 28645

RE:     Jamie Louise Cloer Living Trust
        Court Case Number: 22-SP-225

To Whom It May Concern:

Please find one (1) original and three (3) copies of the Substitute Trustee's Amended Notice
of Foreclosure Sale of Real Property for the above referenced file. Please also note that we have
enclosed one (1) original and one (1) copy of the Certificate of Service. We kindly request that you
post the Substitute Trustee's Amended Notice of Foreclosure Sale of Real Property, file these
documents into 22-SP-225, and return a filed copy of Substitute Trustee's Amended Notice of
Foreclosure Sale of Real Property and of the Certificate of Service. We have enclosed an envelope
for your convenience.

If you have any questions about these documents, please contact our office. Thank you for
your assistance with this matter.

Respectfully,

Goddard & Peterson, PLLC

Enclosures



29 of 41

STATE OF NORTH CAROLINA                                    IN THE GENERAL COURT OF JUSTICE

COUNTY OF CALDWELL                                         SUPERIOR COURT DIVISION

IN THE MATTER OF THE FORECLOSURE OF A DEED                 22-SP-225
OF TRUST EXECUTED BY JAMIE CLOER KIRBY
DATED JULY 26, 2007 AND RECORDED IN BOOK 1649
AT PAGE 1181 IN THE CALDWELL COUNTY PUBLIC
REGISTRY, NORTH CAROLINA

## CERTIFICATE OF SERVICE

As attorney of record for Goddard & Peterson, PLLC, I hereby certify that on this the 14 day of
January , 20 25 I caused to be served a copy of the Substitute Trustee's Amended Notice of Foreclosure
Sale of Real Property. The documents were enclosed in postage pre-paid, properly addressed envelope(s), and deposited in
an official depository under the exclusive care and custody of the United States Postal Service. The envelope(s) being
addressed as follows:

Jamie Cloer Kirby a/k/a Jamie Cloer a/k/a Jamie Louise Cloer
Individually and For the Jamie Louise Cloer Living Trust Estate
315 Legion Road
Hudson, NC 28638

Jamie Cloer Kirby a/k/a Jamie Cloer a/k/a Jamie Louise Cloer
Individually and For the Jamie Louise Cloer Living Trust Estate
PO Box 1216
Hudson, NC 28638

Jamie Cloer Kirby a/k/a Jamie Cloer a/k/a Jamie Louise Cloer
Individually and For the Jamie Louise Cloer Living Trust Estate
536 Central Street
Hudson, NC 28638

Goddard & Peterson, PLLC, Substitute Trustee

By: _____
Goddard & Peterson, PLLC

125-B Williamsboro Street
Oxford, NC 27565
T: 919-339-4320

30 of 41

### SUBSTITUTE TRUSTEE'S AMENDED NOTICE OF SALE OF REAL PROPERTY

THIS ACTION BROUGHT PURSUANT TO THE POWER AND AUTHORITY contained within that certain Deed of Trust executed and delivered by Jamie Cloer Kirby dated July 26, 2007, and recorded on July 31, 2007 in Book 1649 at Page 1181 in the Office of Register of Deeds of Caldwell County, North Carolina. As a result of a default in the obligations contained within the Promissory Note and Deed of Trust and the failure to carry out and perform the stipulations and agreements contained therein, the holder of the indebtedness secured by said Deed of Trust made demand to have the default cured, which was not met. Therefore, the undersigned Substitute Trustee will place for sale that parcel of land, including improvements thereon, situated, lying and being in the City of Hudson, County of Caldwell, State of North Carolina, and being more particularly described in the heretofore referenced Deed of Trust. Said sale will be a public auction, to the highest bidder for cash, at the usual place of sale at the Caldwell County Courthouse, Lenoir, North Carolina, on **February 17, 2025 at 12:00 PM**

| | |
|---|---|
| Property Address: | 315 Legion Rd, Hudson, NC 28638 |
| Tax Parcel ID: | 03 58 1 11 |
| Present Record Owners: | Jamie Louise Cloer Living Trust |

The terms of the sale are that the real property hereinbefore described will be sold for cash to the highest bidder. A deposit of five percent (5%) of the amount of the bid or Seven Hundred Fifty Dollars ($750.00), whichever is greater, is required and must be tendered in the form of **certified funds** at the time of the sale. The successful bidder will be required to pay revenue stamps on the Trustee's Deed, any Land Transfer Tax, and costs for recording the Trustee's Deed.

The real property hereinabove described is being offered for sale "**AS IS, WHERE IS**" and will be sold subject to all superior liens, unpaid taxes, special assessments, and other encumbrances. Other conditions will be announced at the sale. The sale will be held open for ten (10) days for upset bids, as by law required. The sale will not confirm until there have been ten (10) consecutive days with no upset bids having been filed.

If for any reason the Trustee is unable to convey title to this property, or if the sale is set aside, the sole remedy of the purchaser is the return of the bid deposit. Furthermore, if the validity of the sale is challenged by any party, the Trustee, in its sole discretion, if it believes the challenge to have merit, may declare the sale to be void and return the bid deposit. In either event, the purchaser will have no further recourse against the Mortgagor, the Mortgagee, the Mortgagee's attorney, or the Trustee.

**Additional Notice Required for Residential Real Property with Less Than Fifteen (15) Rental Units:**

An order for possession of the property may be issued pursuant to G.S. 45-21.29 in favor of the purchaser and against the party or parties in possession by the clerk of superior court of the county in which the property is sold.

Any person who occupies the property pursuant to a rental agreement entered into or renewed on or after October 1, 2007, may, after receiving the notice of sale, terminate the rental agreement by providing written notice of termination to the landlord, to be effective on a date stated in the notice that is at least ten (10) days, but no more than 90 days, after the sale date contained in the notice of sale, provided that the mortgagor has not cured the default at the time the tenant provides the notice of termination. Upon termination of a rental agreement, the tenant is liable for rent due under the rental agreement prorated to the effective date of the termination.

Posted: _____

Witness: _____
         Assistant/Deputy Clerk of Superior Court

Goddard & Peterson, PLLC Substitute Trustee

By: _____
Goddard & Peterson, PLLC

125-B Williamsboro Street
Oxford, NC 27565
T: 919-339-4320

22-SP-225



31 of 41

## EXHIBIT G

### *Qualified Written Request (QWR) to Rushmore*

Sent By: Jamie Cloer

Request Date: March 2025

Material Issue: Forces servicer to validate debt, chain of title, and disclose full servicing history under RESPA.

## Qualified Written Request under RESPA

March 24, 2025

Rushmore Loan Management Services, LLC

Customer Service Department

P.O. Box ~~55004~~ 619098

~~Irvine, CA 92619-2708~~ Dallas, TX 75261

RE: Qualified Written Request under RESPA – Loan Modification Dated May 21, 2009

Property Address: 315 Legion Rd, Hudson, NC 28638

To Whom It May Concern,

This letter is a formal Qualified Written Request (QWR) pursuant to the Real Estate Settlement Procedures Act (RESPA), 12 U.S.C. § 2605(e). I am requesting specific information related to the servicing and ownership of the above-referenced loan. This request is made in good faith by the undersigned, who is a party of interest and lawful fiduciary to the above-named property.

Pursuant to RESPA, I am requesting the following information and documentation:
1. The full payment history of the loan from origination to present.
2. A copy of the original Note and any modifications, including but not limited to the May 21, 2009 loan modification.
3. The name, address, and contact information of the current holder in due course of the Note.
4. A copy of the Pooling and Servicing Agreement (PSA) if the loan is securitized.
5. The CUSIP number and trust name where the loan is currently held.
6. The identity of any prior or current investors or trustees claiming ownership rights.
7. A full breakdown of the amounts applied to principal, interest, escrow, late fees, and corporate advances.
8. Evidence of all assignments, transfers, or endorsements of the Note or Deed of Trust.
9. The identity and role of any sub-servicers, prior or current, including Nationstar Mortgage d/b/a Mr. Cooper.
10. Any tax or insurance advances made by the servicer without borrower authorization.

33 of 41

This request is made to ensure compliance and transparency in accordance with federal law. Please treat this communication as a dispute and request for validation. I reserve all rights, remedies, and defenses. This QWR is not a waiver of any legal position or cause of action.

Please provide a full and complete written response within 30 business days as required by 12 U.S.C. § 2605(e).

Respectfully,

By: _____ TTEE

Jamie Cloer

Trustee for JLC TRUST

P.O. Box 1216

Hudson, NC 28638

Phone: 828-896-5638

34 of 41

## EXHIBIT H

### *Motion for Relief from Stay Filed by Nationstar (March 2025)*

Filed By: Nationstar Mortgage LLC d/b/a Mr. Cooper

Trust Claimed: CIM 2023-NR1

Material Issue: Post hoc trust substitution with no continuity from prior enforcement under CIM 2018-R5; evidences legal theory shift.

35 of 41

## UNITED STATES BANKRUPTCY COURT
## WESTERN DISTRICT OF NORTH CAROLINA
## STATESVILLE DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| JAMIE CLOER | ) | CASE NO. 25-50041 |
| A/K/A JAMIE CLOER KIRBY | ) | |
| SSN: XXX-XX-9697 | ) | CHAPTER 7 |
| | ) | |
| | ) | |
| DEBTOR | ) | |

**MOTION FOR RELIEF FROM STAY APPLYING 11 U.S.C. § 362(e)**

Pursuant to Section 362(d) of Title 11 of the United States Bankruptcy Code, as amended (the "Bankruptcy Code") and Bankruptcy Rules 4001 and 9014, Nationstar Mortgage LLC ("Movant") through counsel, hereby moves the Court for an Order for relief from the automatic stay provisions of 11 U.S.C. § 362(a).

In support of its motion, Movant shows the Court that:

1. On February 14, 2025, the Debtor filed a petition with the United States Bankruptcy Court for the Western District of North Carolina for relief under Chapter 7 of the United States Bankruptcy Code.

2. This Court has jurisdiction over the motion pursuant to the provisions of 11 U.S.C. § 362 and Bankruptcy Rules 4001 and 9014. This Court has jurisdiction over this proceeding, pursuant to 28 U.S.C. § 1334, the Referral Order entered by the Chief United States District Court Judge for the Western District of North Carolina and 11 U.S.C. § 362. Bankruptcy Rules 4001 and 9014 apply. This matter is a core proceeding as defined in 28 U.S.C. §§ 151 and 157(b) and to the extent any non-core issues are raised, Movant consents to the jurisdiction of this Court for determination of all issues, including non-core issues.

3. Movant is the servicer for U.S. Bank Trust Company, National Association not in its individual capacity but solely as Trustee for the CIM TRUST 2023-NR1 Mortgage-Backed Notes, Series 2023-NR1(hereinafter "Movant") holder of a secured claim in this proceeding.

4. On July 26, 2007, Jamie Cloer executed an Adjustable Rate Note ("Note") in the original principal amount of $144,900.00, a copy of which is attached hereto and incorporated herein by reference. Said Note was modified pursuant to the terms of the Loan Modification dated May 21, 2009, a copy of which is attached hereto and incorporated herein by reference.

5. The Note referred to in the preceding paragraph is secured by a Deed of Trust on real property owned by the Debtor and known as 315 Legion Rd, Hudson, NC 28638 and more particularly described in aforementioned Deed of Trust recorded in Book 1649, Pages 1181-1195, Caldwell County Registry, North Carolina. A copy of the Deed of Trust is attached hereto and incorporated herein by reference.

6. Movant services the loan on the property referenced in this motion for relief. In the event the automatic stay in this case is lifted, the case is dismissed, and/or the Debtor obtains a

36 of 41

discharge and foreclosure action is commenced on the mortgaged property, that foreclosure will be conducted in the name of the noteholder. Movant, directly or through an agent, has possession of the Note. The Note is either made payable to said entity or has been duly endorsed.

7. At the time of filing of this motion, the Debtor was in default on his obligations to Movant.

8. Movant is a secured creditor in the Debtor's bankruptcy proceeding. The Debtor is in substantial default. The total arrearage due under the Note through March 1, 2025, is at least $44,628.77. A breakdown of the arrearage is as follows:

| Number of Missed Payments | From - To | Monthly Payment Amount | Total Missed Payments |
|---|---|---|---|
| 8 | 9/1/2021 - 4/1/22 | $955.78 | $7,646.24 |
| 10 | 5/1/22 - 2/1/23 | $1,098.40 | $10,984.00 |
| 15 | 3/1/23 -5/1/24 | $1,098.41 | $16,476.15 |
| 9 | 6/1/24 - 2/1/25 | $1,058.07 | $9,522.63 |
| Less partial payments: | | | - $0.25 |

**Total: $44,628.77**

9. As of the filing of this motion, the unpaid principal balance on the above described debt to Movant was $109,937.47, plus interest accruing at the rate of 6.75%, accumulated late charges, and fees. The amount necessary to pay the loan in full is in excess of $151,712.77.

10. The fair market value, based on the Debtor's Petition is $157,600.00.

11. Attached are redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements in support of right to seek a lift of the automatic stay and foreclose if necessary.

12. Based upon the foregoing, equity exists in the subject property to allow Movant its attorney fees and costs to be assessed against the mortgage account pursuant to the security documents.

13. Pursuant to Section 362(d)(1) of the Bankruptcy Code, the Court may modify the automatic stay for cause, including the lack of adequate protection of an interest in property of such a party in interest 11 U.S.C. § 362(d)(1). Movant is not adequately protected and the Debtor has not offered any adequate protection in regards to the missed on going monthly payments. Further, "cause" exists under 11 U.S.C. § 362(d)(1) because the Debtor has failed to maintain the ongoing monthly payments to Movant. Movant is entitled to relief from stay to foreclose on its security interest in the property identified in the Deed of Trust.

14. Movant will suffer irreparable injury, loss, and damage in the event relief is not granted.

15. Movant has incurred reasonable attorney's fees and costs in connection with the prosecution of this motion.

**BASED UPON THE FOREGOING,** Movant respectfully asks the Court that:

37 of 41

**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF NORTH CAROLINA**
**STATESVILLE DIVISION**

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| **JAMIE CLOER** | ) | **CASE NO. 25-50041** |
| **A/K/A JAMIE CLOER KIRBY** | ) | |
| **SSN: XXX-XX-9697** | ) | **CHAPTER 7** |
| | ) | |
| | ) | |
| DEBTOR | ) | |

**NOTICE OF OPPORTUNITY FOR HEARING**

TAKE NOTICE that an application or motion has been filed by Nationstar Mortgage LLC servicer, for U.S. Bank Trust Company, National Association not in its individual capacity but solely as Trustee for the CIM TRUST 2023-NR1 Mortgage-Backed Notes, Series 2023-NR1 ("Movant"), its successors and/or assigns, as their respective interests may appear. A copy of the application or motion accompanies this Notice.

TAKE FURTHER NOTICE that any response, including objections, to the relief requested in the attached application or motion, should be filed with the Clerk of the Bankruptcy Court within fourteen (14) days of the date of this Notice and a copy served on the attorney identified below and upon other parties as required by law or court order. Any response shall clearly identify the specific motion or application to which the response is directed.

TAKE FURTHER NOTICE that no hearing will be held on this motion or application unless a response is timely filed and served, in which case, the court will conduct a hearing on April 4, 2025 at 11:00 AM at Statesville, North Carolina. No further notice of this hearing will be given.

This the 10th day of March, 2025.

HUTCHENS LAW FIRM LLP

BY: */s/: Kelly Dowd Tomasic*

Joseph J. Vonnegut   NC Bar # 32974
Phillip A. Hedrick, Jr.   NC Bar # 56326
Kelly Dowd Tomasic   NC Bar # 53238
Attorney for Movant
NC State Bar No: 53238
Post Office Box 2505
4317 Ramsey Street
Fayetteville, NC 28311
(910) 864-6888

1. The stay imposed by 11 U.S.C. § 362(a) be terminated, annulled, or modified to permit Movant to foreclose its security interest in the property identified in the Deed of Trust; that said relief is immediate, and the waiting period of F.R.B.P. 4001(a)(3) does not apply; or in the alternative that it receives adequate protection from the Debtor;

2. The hearing of this motion be the final hearing under 11 U.S.C. § 362(c) and any preliminary hearing be consolidated herein and Orders entered accordingly;

3. It be granted reasonable attorney's fees pursuant to 11 U.S.C. § 506; and,

4. It has such other and further relief as the Court deems just and proper.

This the 10th day of March, 2025.

HUTCHENS LAW FIRM LLP

BY: */s/: Kelly Dowd Tomasic*

Joseph J. Vonnegut    NC Bar # 32974
Phillip A. Hedrick, Jr.  NC Bar # 56326
Kelly Dowd Tomasic    NC Bar # 53238
Attorney for Movant
NC State Bar No: 53238
Post Office Box 2505
4317 Ramsey Street
Fayetteville, NC 28311
(910) 864-6888

THIS IS A COMMUNICATION FROM A DEBT COLLECTOR. THE PURPOSE OF THIS COMMUNICATION IS TO COLLECT A DEBT. ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this date this paper was served upon the following parties by depositing a copy enclosed in a postpaid, properly addressed wrapper in a post office or official depository under the exclusive care and custody of the United States Postal Service or via the appropriate electronic servicer:

ProSe Debtor:
Jamie Cloer
315 Legion Rd
Hudson, NC 28638

Chapter 7 Trustee:
John W. Taylor
John Taylor, Trustee
4530 Park Road
Suite 490
Charlotte, NC 28209

Bankruptcy Administrator
Shelly K. Abel
U.S. Bankruptcy Administrator
401 W. Trade Street
Suite 2400
Charlotte, NC 28202

This the 10th day of March, 2025.

HUTCHENS LAW FIRM LLP

BY: /s/: Kelly Dowd Tomasic _____
Joseph J. Vonnegut      NC Bar # 32974
Phillip A. Hedrick, Jr.    NC Bar # 56326
Kelly Dowd Tomasic     NC Bar # 53238
Attorney for Movant
4317 Ramsey Street
Fayetteville, NC 28311
Bkymail@hutchenslawfirm.com
(910)864-3068

THIS IS A COMMUNICATION FROM A DEBT COLLECTOR.  THE PURPOSE OF THIS
COMMUNICATION IS TO COLLECT A DEBT. ANY INFORMATION OBTAINED WILL BE
USED FOR THAT PURPOSE.

Bankruptcy Court
401 W. Trade Street
Suite 2400
Charlotte, NC 28202

# AFFIDAVIT OF SERVICE

Date: March 24, 2025

I, Cloer: Jamie-Louise, in my lawful capacity as Authorized Representative and True Party in
Interest for the JAMIE LOUISE CLOER ESTATE, do hereby affirm and certify that on the date
listed above, I caused to be served a true and correct copy of the following document:

MOTION TO STRIKE FORECLOSURE ENFORCEMENT, COMPEL STANDING PROOF, AND BAR
CLAIMS BASED ON DEFUNCT INSTRUMENT AND TRUST

by placing said document in the United States Mail, first-class postage prepaid, and
obtaining a USPS Certificate of Mailing (Form 3817) as evidence of mailing, addressed to the
following parties:

- **Nationstar Mortgage LLC d/b/a Mr. Cooper**
  8950 Cypress Waters Blvd.
  Coppell, TX 75019
- **Rushmore Loan Management Services, LLC**
  P.O. Box 619098
  Dallas, TX 75261
- **U.S. Bank National Association**
  425 Walnut Street
  Cincinnati, OH 45202
- **Chapter 13 Trustee John W. Taylor**
  4530 Park Road
  Suite 302
  Charlotte, NC 28209
- **Clerk, United States Bankruptcy Court**
  401 W Trade St
  Charlotte, NC 28202
- **Hutchens Law Firm LLP**
  (as purported counsel for Nationstar Mortgage LLC / U.S. Bank Trust Co., N.A.)
  Attn: Kelly Dowd Tomasic, Esq.
  4317 Ramsey Street
  Fayetteville, NC 28311

I affirm under penalty of perjury under the laws of the United States of America that the
foregoing is true and correct to the best of my first-hand knowledge and good faith.

By: _____

Cloer: Jamie-Louise
Authorized Representative / Real Party in Interest
for the JAMIE LOUISE CLOER ESTATE.

All Rights Reserved

41 of 41